UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK EUGENE HATCHER,

    Plaintiff,

v.

Case No. 3:23-cv-1301-HES-MCR

DANIEL WILLIAMS CARDENAS,
et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Duval County Jail, initiated this case by filing a Civil Rights Complaint. Doc. 1. He also moves to proceed in forma pauperis. Doc. 2. Plaintiff has a pending state court case in which the state is prosecuting him for two counts of possession of ammunition by a convicted felon, resisting officer without violence, and trespass. See State v. Hatcher, No. 16-2022-CF-6393 (Fla. 4th Cir. Ct.).

In the Complaint, Plaintiff names three Defendants – Assistant State Attorney Daniel William Cardenas; Officer Mark R. Ambrose; and Assistant Public Defender Lisa Haskins Carter. Doc. 1 at 3-4. Plaintiff alleges Defendant Cardenas violated his speedy trial rights by not bringing him to trial within 180 days of his arrest, and Defendant Carter also violated his speedy trial rights by failing to object to Cardenas's request for a continuance. Id. at 5. He

asserts Carter essentially waived his right to a speedy trial, over Plaintiff's objection, and failed to either file a motion to discharge or adopt Plaintiff's pro se motion to discharge. Id. at 6. Plaintiff also alleges Defendant Ambrose arrested him and challenges Ambrose's version of events before and after Plaintiff's arrest. Id. As relief, Plaintiff requests the Court "to dismiss [his] case or drop [his] charges due to [his] civil rights being violated by JSO and Jacksonville[ ], Duval [C]ount[y's] state attorney['s] office." Id. at 6-7. He also requests monetary damages. Id. at 7.

To the extent that Plaintiff is asking for immediate release from custody because he has been denied a speedy trial, that relief cannot be obtained through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475. 487, 489 (1973). Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of [his] confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994). Consequently, if Plaintiff wishes to challenge the state's delay in bringing him to trial, Plaintiff may file a habeas corpus petition under 28 U.S.C. § 2241 after he has exhausted his state court remedies. See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 488 (1973) (holding that state petitioner "is entitled to raise a speedy trial claim" before trial to force the state to bring him to trial); see also Witt v. Lee Cnty. Sheriff's Dep't, No. 2:15-cv-119-JES-CM, 2015 WL 859442, at *2 (M.D. Fla. Feb. 27, 2015) (holding that § 2241, not § 1983,

provides the basis to pursue the plaintiff's claim that Florida officials violated his speedy trial rights). Conversely, to the extent that Plaintiff seeks monetary damages because he alleges his arrest was unconstitutional or he seeks to challenge the conditions of his confinement, he may initiate a separate civil rights action. The Court has approved the use of a form for § 2241 actions and § 1983 actions. Plaintiff will be provided with copies of these forms.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a form for use in § 2241 cases, a form for use in § 1983 cases, and two applications to proceed in forma pauperis (prisoner filings) forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of December, 2023.

UNITED STATES DISTRICT JUDGE

Jax-7

C: Mark Eugene Hatcher, #2022030777